UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KAREN CLOSE, GIOVANNI AND
DIANA PICCOLINO, Individually and as
Parents of JC, and AP, and CRAIG
STERNSCHEIN, Individually and as Legal          Plaintiff Demands a
Guardian of BS, whose names have been           Trial By Jury
redacted due to the sensitive nature of this claim

                                   **COMPLAINT**

                     Plaintiff(s),

   -against-                                    Civil No.

BEDFORD CENTRAL SCHOOL DISTRICT,
KEITH ALLEYNE, BRETT MILLER, JASON
SPECTOR, JOEL ADELBERG, DEBORAH
DORMANDY, EDWARD ESCOBAR, and
DANIEL MULVEY
                     Defendant(s),
-----------------------------------------------------------------------X

     Plaintiffs, by their attorney ANDREW C. LAUFER, for their Complaint against Defendants, herein allege that:

## PARTIES

1.     Plaintiff KAREN CLOSE and JC are citizens of the United States of America residing at 7 Shad Road West, Pound Ridge, NY 10576.

2.     Plaintiff CRAIG STERNSCHEIN and BS are citizens of the United States of America residing at 193 Larch Road, Briarcliff Manor, NY 10510.

3.     Plaintiff GIOVANNI and DIANA PICCOLINIO, and AP are citizens of the United States of America residing at 15 Little Pine Road, Bedford Corners, NY 10549.

4.     Upon information and belief, at all relevant times stated herein, Defendant BEDFORD CENTRAL SCHOOL DISTRICT is a School District organized and existing under the Education Laws of the State of New York and is located within the Southern District of New York.

5.     Upon information and belief, at all relevant times stated herein, Defendants KEITH ALLEYNE, BRETT MILLER, JASON SPECTOR, JOEL ADELBERG, and DEBORAH DORMANDY, EDWARD ESCOBAR, and DANIEL MULVEY were employees of Defendant

BEDFORD CENTRAL SCHOOL DISTRICT and, upon information and belief, resided within the Southern District of New York.

**JURISDICTION**

6.      This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution and under Federal law, particularly the Civil Rights Act, 42 U.S.C. § 1983, and under the provisions of 29 USC § 794, 42 USC 12132, 42 USC§ 2000e [2] et seq., and 20 USC§§ 1681-1688.

7.      This action also arises out of§ 296(4) and (6) of the Executive Law and §§ 40-c and 40-d of New York Civil Rights Law.

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367 (a).

9.      At all relevant times stated herein, all activities giving rise to the instant action occurred within the State of New York.

10.     At all relevant times stated herein, Plaintiffs were citizens of the United States of America and domiciliaries of the State of New York, County of Westchester.

11.     Each of the acts of Defendants KEITH ALLEYNE, BRETT MILLER, JASON SPECTOR, JOEL ADELBERG, DEBORAH DORMANDY, EDWARD ESCOBAR and DANIEL MULVEY performed in the course of their employment with Defendant BEDFORD CENTRAL SCHOOL DISTRICT, and under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York.

12.     Defendants KEITH ALLEYNE, BRETT MILLER, JASON SPECTOR, JOEL ADELBERG, DEBORAH DORMANDY, EDWARD ESCOBAR, and DANIEL MULVEY are being sued both in their official and individual capacities.

13.     On the 17th day of June 2022, Plaintiffs served upon Defendant BEDFORD CENTRAL SCHOOL DISTRICT, through its duly authorized agents, a  verified written Notice of Claim pursuant

to Section 50-e of the General Municipal Law of the State of New York setting forth the time, place, nature and manner in which the claim arose.

14.     Defendants held a 50-H hearing pursuant to General Municipal Law of the State of New York of Plaintiff, KAREN CLOSE, on or about October 26, 2022, Plaintiffs, DIANA PICCOLINO and GIOVANNI PICCOLINO on or about October 20, 2022, and Plaintiff CRAIG STERNSCHEIN on or about October 25, 2022 .

15.     More than thirty (30) days have elapsed from the date the Notice of Claim was served and Defendants have neglected and refused to make payment of the claim.

16.     This action was commenced within one (1) year and ninety (90) days from the date the claims based upon New York law accrued, taking into account all applicable tolls to said period.

## BACKGROUND

17.     Plaintiff JC is a 19-year-old boy, who, in or about since birth to about 3 years old, was diagnosed with Autism which significantly affects his social skills, speech patterns and communication with others.

18.     Plaintiff JC participated in early intervention programs such as CPSE, which is a program dedicated to providing special educational support and services for children ages three to five.

19.     Plaintiff JC enrolled in the Defendant BEDFORD CENTRAL SCHOOL DISTRICT for purposes of attending kindergarten and starting the process of mainstreaming JC into the public school environment to prepare him for high school and independent living upon graduation.

20.     JC successfully completed all academics for the school years kindergarten through eighth grade, through the help of enrollment in various programs such as SAIL, which is a life skills program for autistic, developmentally and cognitively impaired students.

21.     Plaintiff JC entered Fox Lane High School in the fall of 2019 and was enrolled in a co-teach program with a teaching model that involved both a general education and special education teacher, in addition to participating in regents level classes.

22.     Plaintiff AP is a 19-year-old boy who, in or about since birth to about 3 years old, was diagnosed with Autism which significantly affects his social skills, speech patterns and communication with others, thus as a result was considered to be non-verbal.

23.     Plaintiff AP participated in early intervention programs such as CPSE, which is a program dedicated to providing special educational support and services for children ages three to five.

24.     Plaintiff AP enrolled in the Defendant BEDFORD CENTRAL SCHOOL DISTRICT for purposes of attending kindergarten and starting the process of mainstreaming AP into the public school environment to prepare him for high school and independent living upon graduation.

25.     Plaintiff AP successfully completed all academics for the school years kindergarten through seventh grade, through the help of enrollment in various programs such as SAIL, which is a life skills program for autistic, developmentally and cognitively impaired students.

26.     Plaintiff AP entered Fox Lane High School in the fall of 2020 and was enrolled in a self-contained foundational academic model with special education teacher and accessed some general education classes with the support of a teacher's aide.

27.     Plaintiff BS is a 22-year-old boy who, in or about since birth to about 3 years old, was diagnosed with Autism which significantly affects his social skills, speech patterns and communication with others.

28.     Plaintiff BS participated in early intervention programs such as CPSE, which is a program dedicated to providing special educational support and services for children ages three to five.

29.     Plaintiff BS enrolled in the Defendant BEDFORD CENTRAL SCHOOL DISTRICT for purposes of attending high school to prepare him for independent living upon graduation.

30.     Plaintiff BS successfully completed all academics for the school years kindergarten through eighth grade in other school districts before entering Fox Lane High School, through the help of enrollment in various programs such as SAIL, which is a life skills program for autistic, developmentally and cognitively impaired students.

31.     Plaintiff BS entered Fox Lane High School in the fall of 2014 and was enrolled in the

OPT program with a teaching model that involved had special education teachers for academic lessons and general education for arts and music.

     32.     Commencing a couple of months after school started on or about September 2021, Plaintiffs, JC, AP, and BS were verbally and sexually harassed and bullied by students from the General Education class who took photographs of the boys while in the bathroom while their pants were down.

     33.     On March 11, 2022, a classmate reported to teacher Mary Downes and Defendant ALLEYNE that general education students had taken pictures and videos of JC and AP in the boys' bathroom with their pants down.

     34.     During the aforesaid period, parents KAREN CLOSE and DIANA PICCOLINO received information regarding the hostile environment that Plaintiffs JC and AP were subjected to only from their Special Education teacher, Mary Downes, on March 17, 2022, nearly a week after the alleged incident occurred.

     35.     As of result of the inappropriate behavior in the bathroom, on March 11, 2022, Plaintiff GIOVANNI PICCOLINO called and left a voicemail for Defendants BRETT MILLER ("MILLER"), the Principal of Fox Lane High School, KEITH ALLEYNE ("ALLEYNE"), Dean of Fox Lane High School and DEBORAH DORMANDY ("DORMANDY"), Director of the Special Education Program, advising them that Plaintiff AP was involved in the incident where sexual harassment and bullying occurred in the bathroom at Fox Lane High School.

     36.     On or about March 18, 2022, Defendant MILLER acknowledged receipt of the aforesaid voicemail, indicated that he had initiated an investigation into the incident, utilizing interviews from the various students who were witness to and were involved in the incident and gathering information from the video tape footage provided by the cameras located in Fox Lane High School.

     37.     On or about March 20, 2022, Plaintiff DIANA PICCOLINO and GIOVANNI PICCOLLINO went to the Bedford Police Station to give a statement to Detective Keane about the incident that occurred on March 11, 2022 with the information given to them from Defendants, MILLER, ALLEYNE, and DORMANDY.

38.     Plaintiffs KAREN CLOSE and GIOVANNI PICCOLINO spoke with Defendant JASON SPECTOR ("SPECTOR"), the Assistant Principal of Fox Lane High School who assured Plaintiffs that an official police investigation had been launched into the matter.

39.     Shortly thereafter, Defendant MILLER acknowledged that Defendant BEDFORD CENTRAL SCHOOL DISTRICT had failed to properly communicate and rectify the incidents of sexual harassment and bullying that occurred on or before March 11, 2022.

40.     Defendants ALLEYNE, MILLER, SPECTOR, ADELBERG, DORMANDY, ESCOBAR, and MULVEY were aware of the sexual harassment and bullying that Plaintiffs, JC, AP, and BS endured but did nothing to stop it.

41.     Upon information and belief, Defendants MILLER, ALLEYNE, and DORMANDY received no further discipline as a result of their tolerance and inaction in the face of the aforesaid harassment and bullying.

42.     In March 2022, shortly thereafter the incident, Plaintiffs DIANA PICCOLINO and GIOVANNI PICCOLLINO discovered that the photographs taken of Plaintiff AP, JC, and BS in the boys' bathroom at Fox Lane High School were circulating across platforms on social media.

43.     Plaintiffs KAREN CLOSE and DIANA and GIOVANNI PICCOLINO complained to Defendant MILLER regarding the continued harassment and bullying and in response Defendant MILLER stated he would begin an investigation.

44.     Shortly thereafter, Plaintiffs KAREN CLOSE and GIOVANNI PICCOLINO emailed Defendants JOEL ADELBERG ("ADELBERG"), the Superintendent of Fox Lane High School, MILLER, SPECTOR, DORMANDY, and ESCOBAR, a Dignity for All Students Act ("DASA") Harassment and/or Bullying Complaint form along with a letter formally requesting that the Child Special Education program explore out-of-district programs for both AP and JC.

45.     On March 24, 2022, Plaintiffs DIANA PICCOLINO and GIOVANNI PICCOLINO, met with Defendants MILLER and DORMANDY and Bedford Police Officer Chris Colello, who assured Plaintiffs he would put an end to the inappropriate behavior and harassment conducted by the students

aimed at Plaintiff AP and assured them that new bathroom protocols were being put in place in order to deter these incidents of bullying from occurring again.

46.     Defendant MILLER also acknowledged once again the lack of communication both internally and externally and the failure of the BEDFORD SCHOOL DISTRICT to notify the parents of the incident involving their children on or before March 11, 2022 immediately when it occurred.

47.     During the spring semester of 2022, the only measure that was taken by Defendant MILLER regarding the sexual harassment, bullying, and hostile environment of the boys' bathroom was an inconsistently enforced bathroom protocol comprising of male aides that would assist the students to the boys' bathroom at 9 a.m. and then again at 2 p.m. resulting in a loss of freedom and independence for Plaintiffs.

48.     Plaintiffs had been promised by Defendant BEDFORD CENTRAL SCHOOL DISTRICT, and/or its agents, servants and employees, that Defendant MILLER along with the assistance of Detective Keane would thoroughly investigate the incident involving AP, JC, and BS that occurred on or before March 11, 2022.

49.     As a result of the lack of information and communication with Defendants MILLER, SPECTOR, ADELBERG, ALLEYNE, DORMANDY, ESCOBAR, and MULVEY, on March 30, 2022 Plaintiff GIOVANNI PICCOLINO opted to purchase a cell phone independently while simultaneously creating and handing out a flyer offering a $1000 reward for information, in an effort to learn more about the incident that occurred on or before March 11, 2022.

50.     Within hours of this information being sent out via flyers throughout Fox Lane High School and social media platforms, various anonymous text messages and screenshots of pictures of AP, JC, and BS, were sent to the phone.

51.     On or about March 31, 2022, the aforementioned phone was handed over to Detective Keane for further investigation and to Defendants MILLER, ADELBERG, and DORMANDY for the purposes of identifying the individuals who took the photographs.

52.     Said students were not fully disciplined or punished for these blatantly offensive

and obscene actions other than being compelled by Defendant MILLER to be subjected to interviews and questioning regarding the incident of March 11, 2022.

53.     Upon information and belief, none of the students involved were disciplined immediately for the aforesaid harassment and bullying activities during the investigation.

54.     On or about March 31, 2022, Defendant DORMANDY distributed a letter to the families of the entire Special Education Department detailing the incident of March 11, 2022.

55.     Shortly thereafter, a second letter detailing the incident of March 11, 2022 was sent out by Defendant ADELBERG to the entire district, to which the Board of Education became involved.

56.     Plaintiffs KAREN CLOSE, DIANA and GIOVANNI PICCOLINO, and CRAIG STERNSCHEIN contacted Defendant  MILLER on several occasions to express their concern about Plaintiff AP, JC, and BS and to inquire about what was happening in regards to the investigation and resolution of the aforesaid incident.

57.     On each such occasion, Defendant MILLER advised Plaintiffs KAREN CLOSE, DIANA PICCOLINO and CRAIG STERNSCHEIN that the investigation was still underway, but he was unable to identify the students who had taken the pictures of JC, AP, and BS from student interviews.

58.     Plaintiffs KAREN CLOSE, DIANA PICCOLINO, AND CRAIG STERNSCHEIN also spoke with Defendants SPECTOR, ADELBERG and DORMANDY, all of whom assured Plaintiffs that if there were any further problems, it would be taken care of.

59.     Plaintiffs KAREN CLOSE, DIANA PICCOLINO, and CRAIG STERNSCHEIN then expressed their outrage and discomfort with the language used to describe the incident that occurred on March 11, 2022 and over the constant lack of communication regarding Defendant MILLER'S handling of the investigation of said incident.

60.     Once again, the complaint about the bullying and sexual harassment of Plaintiffs AP, JC, and BS was met with a vague promise on the part of Defendant MILLER that it would be taken care of.

61.     Plaintiffs were never informed of the additional steps taken, if any, in response to the outrageous behavior of the General Education classmates who participated in the incident as referenced above.

62.     As a result, on or about April 6, 2022 nearly a month after the incident occurred, the Board of Education convened their regularly scheduled meeting in which Plaintiffs KAREN CLOSE and GIOVANNI PICCOLINO spoke at this public forum about the incidents that were occurring ay Fox Lane High School regarding the pictures that were taken of Plaintiffs JC, AP ,and, BS in the boys' bathroom with their pants down.

63.     This meeting resulted in a unanimous vote from all Board members to hire a third-party investigative firm to substantiate the claims arising from the incident of March 11, 2022.

64.     The Kroll investigation however, would not commence until on or about July 2022, 4 months after the incident occurred, a period in which both Defendants ADELBERG and DORMANDY retired on or about June 2022.

65.     The Kroll investigation uncovered that on or about March 21, 2022, Defendants MILLER, SPECTOR, ESCOBAR, and MULVEY had received handwritten statements from 3 students stating that they were involved in the taking of photograph of Plaintiffs AP, JC, and BS on the date of March 21, 2022.

66.     In regard to the incident involving Plaintiffs AP, JC, and BS, these declarations of confessions from the abovementioned students were never discussed with Plaintiffs KAREN CLOSE, DIANA and GIOVANNI PICCOLINO, and CRAIG STERNSCHEIN.

67.     According to the Kroll investigation, defendants MILLER and SPECTOR maintained their contention that the handwritten confessions of these students to their involvement in the incident did not constitute "sufficient enough evidence to notify parents."

68.     The Kroll investigation also revealed the allegations from these testimonies that the occurrence might not have been an isolated incidence but might have also happened on or about December 2021.

69.     Upon information and belief, Defendant BEDFORD CENTRAL SCHOOL DISTRICT informed Kroll that there is a lack of a formal district policy "spelling out how much evidence would be sufficient to notify parents their children were potential victims of student misconduct".

70.     Upon information and belief, while Defendant BEDFORD CENTRAL SCHOOL DISTRICT may have disciplined the offending students referenced in #65 above, nothing was done to ameliorate the hostile environment in Plaintiffs' classroom or to discourage other students from continuing the campaign of bullying and harassment.

71.     Shortly thereafter, an outburst of anger from another Special Education student in the same class of Plaintiffs AP, and JC due the stress and trauma caused by the incident caused a disturbance and a chain reaction of this negative and detrimental behavior in the classroom.

72.     During    the    entire    period    from    March    through    June    2022, due to the escalating stress induced by the bullying and sexual harassment, Plaintiffs AP, JC, and BS all displayed behaviors consisting of being short-tempered, had problems sleeping, was argumentative, had angry outbursts, was less responsive at home, and refused to have contact with any friends.

73.     As a result of the foregoing, Plaintiffs have suffered economic damages and will continue to suffer such economic damage in the future to obtain a proper education for Plaintiffs AP, JC, and BS and to assist in his recovery from his emotional and psychological injuries.

## AS AND FOR A FIRST CLAIM ON BEHALF OF PLAINTIFFS AGAINST DEFENDANTS

74.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 73 of this Complaint as though set forth at length herein.

75.     Upon information and belief, at all relevant times stated herein, Defendant BEDFORD CENTRAL SCHOOL DISTRICT reserved unto itself the supervision, instruction and

control of all students attending Fox Lane High School and lawfully upon the premises of Fox Lane High School.

76.     Upon information and belief, at all relevant times stated herein, said Defendant owned the aforesaid premises.

77.     Upon information and belief, at all relevant times stated herein, said Defendant operated the aforesaid premises.

78.     Upon information and belief, at all relevant times stated herein, said Defendant managed the aforesaid premises.

79.     Upon information and belief, at all relevant times stated herein, said Defendant maintained the aforesaid premises.

80.     That during the school year of 2021-2022, Plaintiffs AP, JC, and BS  attended and were lawfully on the property of said Defendant.

81.     That said school district has a duty to supervise the students under their charge, and to exercise such care as a parent of ordinary prudence would observe in comparable circumstances.

82.     That Section 7310.10 A of the District's Code of Conduct states that " The district is committed to safeguarding the rights given to all students under state and federal laws and district policy, including the right to due process. No student shall be subjected to discrimination and/or harassment and/or bullying by employees or students on school property or at school functions based upon his/her actual or perceived race, color, weight, national origin, ethnic group, religion, religious practice, disability, sexual orientation, gender (gender identity and gender expression) or sex."

83.     That Section 7310.10 B of the District's Code of Conduct states that "All district teachers and support staff are expected to... [m]aintain a climate of mutual respect and dignity, which will strengthen student's self-concept and promote confidence to learn".

84.     That Section 7310.15 E of the District's Code of Conduct, under the subheading "Principals/Administrators", states that "All educational leaders have a responsibility to promote an

orderly, safe, and stimulating school environment...Responsibilities include... Addressing issues of discrimination, harassment, bullying, and/or any situation that threatens the emotional or physical health or ..."

85.     That Section 7310.25 of the District's Code of Conduct states "The Board of Education expects all students to conduct themselves in an appropriate and civil manner, with proper regard to the rights and welfare of other students "

86.     That Section 7310.25 B of the District's Code of Conduct prohibits students from "using language or gestures that are profane, lewd, vulgar or abusive."

87.     That Section 7310.05 of the District's Code of Conduct prohibits bullying, defined, in pertinent part, as "intentional, repeated harmful acts, words or other behavior such as name-calling, threatening and/or shunning committed by one or more children against another."

88.     That Section 7310.25 B prohibits students from committing "acts of sexual harassment as defined in the district's sexual harassment policy."

89.     Although Plaintiffs do not have a copy of said policy, upon information and belief, said policy encompassed unwanted sexual propositions by one student to another, especially when expressed in a vulgar and crude manner with the intent of injuring another.

90.     Upon information and belief, Defendant BEDFORD CENTRAL SCHOOL DISTRICT does not have a policy regarding harassment of students based upon their sexual orientation.

91.     Upon information and belief, all of the above provisions of the Code of Conduct were in effect during the 2021-2022 school year.

92.     That during the school year of 2021-2022 certain students of Fox Lane High School engaged in a continuous course of intentional conduct whose sole purpose was to harass, cause distress and injure Plaintiffs AP, JC, and BS, including multiple acts in direct conflict with the District's Code of Conduct.

93.     That Defendants had actual knowledge and notice of the course of conduct, both through personal observation and through conversations with Plaintiffs regarding this very subject.

94.     That despite such actual knowledge and notice, Defendants, in contravention of their duty and in violation of their own Code of Conduct, failed and refused to take action to end the harassment, bullying and abuse of Plaintiffs.

95.     That Defendants failed to fully investigate the instances of bullying, which investigation would have revealed that the incident involving the student sexually harassing and bullying Plaintiffs AP, JC, and BS with the purpose of humiliating them was not an isolated incident, but was occurred once before, again with multiple perpetrators.

96.     That upon information and belief, Defendants MILLER, SPECTOR, ADELBERG, ALLEYNE, DORMANDY, ESCOBAR, and MULVEY had the ability and authority to take corrective action on behalf of Defendant BEDFORD CENTRAL SCHOOL DISTRICT to stop the discrimination against, and harassment and bullying of, Plaintiffs AP, JC, and BS to discipline perpetuators of such discrimination, harassment, and bullying, and to otherwise take steps to ensure Plaintiffs' access to the district's facilities and services and prevent injury to Plaintiffs AP, JC, and BS.

97.     That Defendants MILLER, SPECTOR, ADELBERG, ALLEYNE, DORMANDY, ESCOBAR, and MULVEY failed to take the corrective action that was necessary to stop the harassment, discipline the perpetrators, and ensure Plaintiffs' access to the district's facilities and services.

98.     That as a result of the negligence, recklessness and carelessness of Defendants, Plaintiffs have been injured and damaged and caused to incur expenses.


**AS AND FOR A SECOND CLAIM AGAINST DEFENDANTS**

99.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 98 of this Complaint as though set forth at length herein.

100.    That upon information and belief, the aforesaid acts and omissions of discrimination, harassment and bullying committed by, acquiesced in and tolerated by school district employees were so pervasive and sufficiently persistent as to constitute a custom of Defendant BEDFORD CENTRAL

SCHOOL DISTRICT and were made pursuant to policies and practices of the School District.

101.     That the aforesaid policies and practices were so manifest and obvious as to imply the acquiescence of senior policy making officials.

102.     That at all relevant times stated herein, Defendants were acting under color of State law.

103.     That at all relevant times stated herein, Defendants MILLER, SPECTOR, ADELBERG, ALLEYNE, DORMANDY, ESCOBAR, and MULVEY were acting within the scope of their employment by Defendant BEDFORD CENTRAL SCHOOL DISTRICT.

104.     That the foregoing acts and omissions by said Defendants violated Plaintiffs clearly established rights under the Equal Protection Clause of the United States Constitution.

## AS AND FOR A THIRD CLAIM AGAINST DEFENDANT BEDFORD CENTRAL SCHOOL DISTRICT

105.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 104 of this Complaint as though set forth at length herein.

106.     That Plaintiffs' AP, JC, and BS autism substantially impairs them from engaging in social activities and interactions, forming friendships with their peers, and from learning to use and understand certain forms and usages of language.

107.     That during the 2021-2022 school year, Plaintiffs were qualified to attend school at Defendant BEDFORD CENTRAL SCHOOL DISTRICT and was otherwise entitled to access to a free and public education and any applicable special education programs.

108.     Upon information and belief, both Defendant BEDFORD CENTRAL SCHOOL DISTRICT and each of its component schools are recipients of federal financial assistance.

109.     Employees of the school district allegedly informed plaintiffs KAREN CLOSE, DIANA and GIOVANNI PICCOLINO, and CRAIG STERNSCHEIN, in response to their legitimate worries about the harassment and bullying Plaintiffs AP, JC, and BS had to endure, that an investigation was ongoing and that parents would be notified once it was over, but they never offered an explanation or an

apology.

110.    Said repeated remarks in light of allegations of severe harassment, bullying and harassment directed at Plaintiffs in direct violation of the school's own Code of Conduct evidenced Defendants' deliberate indifference to Plaintiffs' suffering and to their rights under the law.

111.    That in light of the inaction of Defendant, its agents, servants and employees in the face of repeated, blatant, severe and pervasive harassment and bullying that was repeatedly reported to Defendant, its agents servants and employees, and in light of their awareness that Plaintiffs were all afflicted with Autism, said Defendant, its agents, servants and employees, were deliberately indifferent to the rights of Plaintiffs under § 504 of the Rehabilitation Act of 1983 (29 U.S.C §§ 701, 705, 794 and 794a).

112.    That Defendant, its agents, servants and employees were repeatedly informed of the harassment and bullying of the students in direct violation of Plaintiffs rights under the Rehabilitation Act and the District's own Code of Conduct.

113.    Upon information and belief, no action was taken on each occasion upon such information except as noted above, and to the extent any action was taken, such action was totally ineffective and was objectively inadequate under the circumstances.

114.    That as a result of the pervasive student-on-student harassment and bullying tolerated by and acquiesced in by Defendant, its agents', servants, and employees, Plaintiffs AP, JC, and BS were made to feel unsafe and so altered the conditions of Plaintiffs' school experience that Plaintiffs could no longer tolerate continued attendance at the facilities operated and controlled by Defendant.

115.    In failing to take any meaningful steps to end the harassment and bullying of Plaintiffs AP, JC, and BS, or to discipline the students involved in the harassment and bullying, Defendant BEDFORD violated Plaintiffs AP, JC, and BS' statutory right to be free from discrimination based upon their disability in Federally funded grants and programs pursuant to § 504 of the Rehabilitation Act of 1983.

## AS AND FOR A FOURTH CLAIM AGAINST DEFENDANT BEDFORD CENTRAL SCHOOL DISTRICT

116.     Plaintiffs repeat and re-allege the allegations made in paragraphs 1 through 115 of this Complaint with the same force and effect as if herein set forth at length.

117.     That the aforesaid acts and omissions by Defendant, its agents, servants and employees, discriminated against Plaintiffs AP, JC, and BS based upon their disability in the services, programs and activities of Defendant BEDFORD.

118.     That in light of the inaction of Defendant, its agents, servants and employees, in the face of repeated, blatant severe and pervasive harassment and bullying that was repeatedly reported to Defendant, its agents, servants and employees, and in light of their awareness that Plaintiffs were afflicted with Autism, said Defendants were deliberately indifferent to the rights of Plaintiff under Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.).

## AS AND FOR A FIFTH CLAIM AGAINST DEFENDANTS MILLER, SPECTOR, ADELBERG, ALLEYNE, DORMANDY, ESCOBAR, and MULVEY

157.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 157 of this Complaint as though set forth at length herein.

158.     That the aforesaid acts and omissions had the effect of denying Plaintiffs AP, JC, and BS the use of the facilities of the Defendant BEDFORD CENTRAL SCHOOL DISTRICT.

159.     That Defendants permitted harassment and bullying of Plaintiffs AP, JC, and BS based upon their disability, in violation of New York Executive Law § 296 (6).

160.     That the aforesaid acts and omissions of the Defendants, aided, abetted and/or incited the harassment and bullying of Plaintiff AP, JC, and BS based upon their disability, in violation of New York Human Rights Law (Executive Law§ 296 [6]).

## AS AND FOR A SIXTH CLAIM AGAINST DEFENDANTS

161.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 161 of this Complaint as though set forth at length herein.

162.     That Plaintiffs have complied with the requirements of New York Civil Rights Law § 40-d by serving a copy of this complaint upon the New York State Attorney General.

163.     That the aforesaid acts and omissions of the Defendants violated Plaintiffs rights and subjected Plaintiffs AP, JC, and BS to discrimination based upon their disability, sex and/or perceived sexual orientation, in violation of New York Civil Rights Law§ 40-c and 40-d.

## AS AND FOR AN SEVENTH CLAIM AGAINST DEFENDANT BEDFORD CENTRAL SCHOOL DISTRICT: NEGLIGENT HIRING, TRAINING AND SUPERVISION

164.     Plaintiff repeats and re-alleges the allegations made in paragraphs 1 through 164 of this Complaint with the same force and effect as if herein set forth at length.

165.     Upon information and belief,   Defendant BEDFORD CENTRAL SCHOOL DISTRICT, its agents, servants and employees, hired and/or appointed Defendants MILLER and SPECTOR, to perform work as Principal and Assistant Principal, respectively, of Fox Lane High School.

166.     That said Defendant was negligent in the hiring or appointment of the aforesaid agents, servants and/or employees in that they knew, or in the exercise of reasonable care should have known, that said agents, servants and/or employees of Defendant did not possess the temperament, psychological makeup, training, education and background to investigate and intervene in incidents of harassment and bullying, to accommodate the school facilities to the needs of disabled and special needs students, to promote an atmosphere where students who have disabilities and students who do not fit sexual stereotypes are safe and have equal access to the school's facilities and to otherwise properly carry out their duties as school administrators.

167.    Upon information and belief, Defendant BEDFORD CENTRAL SCHOOL DISTRICT, its agents, servants and employees, hired and/or appointed Defendants KEITH ALLEYNE and DANIEL MULVEY to perform work as Dean.

168.    That said Defendant was negligent in the hiring or appointment of the aforesaid agents, servants and/or employees in that they knew, or in the exercise of reasonable care should have known, that said agents, servants and/or employees of Defendant did not possess the temperament, psychological makeup, training, education and background to investigate and intervene in incidents of harassment and bullying, to properly discipline those involved in bullying and harassment, to refrain from using and/or tolerating foul and offensive language in their classrooms, to respect the integrity and dignity of their students, to follow and enforce the District's Code of Conduct, to respect and to cooperate with legitimate parental concerns, to accommodate the school facilities to the needs of disabled and special needs students, to promote an atmosphere where students who have disabilities and students who do not fit sexual stereotypes are safe and have equal access to the school's facilities and to otherwise properly carry out their duties as Dean.

169.    Upon information and belief, Defendant BEDFORD CENTRAL SCHOOL DISTRICT, its agents, servants and employees, hired and/or appointed Defendant ADELBERG to perform work as a Superintendent.

170.    That said Defendant was negligent in the hiring or appointment of the aforesaid agents, servants and/or employees in that they knew, or in the exercise of reasonable care should have known, that said agents, servants and/or employees of Defendant did not possess the temperament, psychological makeup, training, education and background to investigate and intervene in incidents of harassment and bullying, to properly discipline those involved in bullying and harassment, to accommodate the school facilities to the needs of disabled and special needs students, to promote an atmosphere where students who have disabilities and students who do not fit sexual stereotypes are safe and have equal access to the school's facilities and to otherwise properly carry out their duties as Superintendent.

171.    Upon information and belief, Defendant BEDFORD CENTRAL SCHOOL DISTRICT, its agents, servants and employees, hired Defendants DORMANDY to perform work as Director of Special Education.

172.    That said Defendant was negligent in the hiring or appointment of the aforesaid agents, servants and/or employees in that they knew, or in the exercise of reasonable care should have known, that said agents, servants and/or employees of Defendant did not possess the temperament, psychological makeup, training, education and background to investigate and intervene in incidents of harassment and bullying, to properly discipline those involved in bullying and harassment, to accommodate the school facilities to the needs of disabled and special needs students, to promote an atmosphere where students who have disabilities and students who do not fit sexual stereotypes are safe and have equal access to the school's facilities and to otherwise properly carry out her duties as Director of Special Education.

173.    Upon information and belief, Defendant BEDFORD CENTRAL SCHOOL DISTRICT, its agents, servants and employees, hired Defendants ESCOBAR to perform work as Director of Pupil Personnel and DASA Officer.

174.    That said Defendant was negligent in the hiring or appointment of the aforesaid agents, servants and/or employees in that they knew, or in the exercise of reasonable care should have known, that said agents, servants and/or employees of Defendant did not possess the temperament, psychological makeup, training, education and background to investigate and intervene in incidents of harassment and bullying, to properly discipline those involved in bullying and harassment, to accommodate the school facilities to the needs of disabled and special needs students, to promote an atmosphere where students who have disabilities and students who do not fit sexual stereotypes are safe and have equal access to the school's facilities and to otherwise properly carry out their duties as Director of Pupil Personnel and DASA Officer.

175.    Upon information and belief, Defendant BEDFORD CENTRAL SCHOOL DISTRICT, its agents, servants and employees trained said Defendants to perform work for the

District at Fox Lane High School.

176.     Defendant BEDFORD CENTRAL SCHOOL DISTRICT was negligent in the training of their aforesaid agents, servants and/or employees in that it failed to train Defendant in recognizing and accommodating the special needs of autistic students, and students who have autistic-related syndromes and disorders, failed to train them in how to educate students to accept and tolerate special needs students, failed to put into place procedures which would ensure that complaints about student harassment and bullying were investigated and acted upon; failed to promulgate and enforce a policy regarding harassment, bullying and discrimination.

## AS AND FOR AN EIGHTH CLAIM AGAINST DEFENDANTS

177.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 177 of this Complaint as though set forth at length herein.

178.     That the foregoing acts and omissions by said Defendants violated Plaintiffs clearly established rights under the Family Education Rights and Privacy Act.

179.     That Defendants permitted harassment and bullying of Plaintiffs AP, JC, and BS, and failed to protect the personal identification of Plaintiffs' identifiable data, information and records pursuant to § 34 CFR 99.35(b)(1) of the Family Education Rights and Privacy Act.

## AS AND FOR A NINTH CLAIM AGAINST DEFENDANTS

180.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 180 of this Complaint as though set forth at length herein.

181.     That the foregoing acts and omissions by said Defendants violated Plaintiffs clearly established rights under the Individual With Disabilities Education Act.

182.     That Defendants failed to implement each of the Plaintiffs' individualized education plans and attendant behavioral intervention plan in violation of Individual With Disabilities Education Act.

183.     As a result of the foregoing, Plaintiffs have been injured and damaged as aforesaid.

## AS AND FOR A TENTH CLAIM AGAINST DEFENDANTS

184.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 184 of this Complaint as though set forth at length herein.

185.    That the foregoing acts and omissions by said Defendants violated Plaintiffs clearly established rights under the New York State Human Rights Law §296.

186.    That the Defendants failed the protect Plaintiffs from unlawful discriminatory practices in their education in violation of the New York State Human Rights Law §296.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a)    On the first claim, compensatory damages against Defendants for violation of the New York common law regarding negligence in supervising the children under its care, plus punitive damages against Defendants MILLER, SPECTOR, ADELBERG, ALLEYNE, DORMANDY, ESCOBAR and MULVEY in an amount to be determined at trial; and/or

b)    On the second claim, compensatory damages against Defendants pursuant to 24 USC § 1983 for violation of Plaintiffs rights under the United States Constitution, plus punitive damages against Defendants MILLER, SPECTOR, ADELBERG, ALLEYNE, DORMANDY, ESCOBAR, and MULVEY in an amount to be determined at trial; and/or

c)    On the third claim, compensatory damages against Defendant BEDFORD CENTRAL SCHOOL DISTRICT for violation of§ 504 of the Rehabilitation Act of 1983; and/or

d)    On the fourth claim, compensatory damages against Defendant BEDFORD CENTRAL SCHOOL DISTRICT for violation of Title II of the Americans With Disability Act of 1990; and/or

e)    On the sixth claim, compensatory damages against the individual Defendants MILLER, SPECTOR, ADELBERG, ALLEYNE, DORMANDY, ESCOBAR, and MULVEY for violation of New York Executive Law§ 296(6), plus punitive damages against Defendants MILLER, SPECTOR, ADELBERG, ALLEYNE, DORMANDY, ESCOBAR, and MULVEY in an amount to be determined at trial; and/or

f)      On the seventh claim, statutory damages against the Defendants for violation of New York Civil Rights Law§§ 40-c and 40-d; and/or

g)      On the eighth claim, compensatory damages against Defendant BEDFORD CENTRAL SCHOOL DISTRICT for negligent hiring and supervision; and/or

h)      On the ninth claim, compensatory damages against the Defendants for violation of the Individual With Disabilities Education Act; and/or

i)      On the ninth claim, compensatory damages against the Defendants for violation of the New York State Human Rights Law §296; and/or

j)      costs and disbursements of this action and attorney's fees pursuant to 42 USC §§§ 1988 (b) 12205 and 296.


Dated:  New York, New York
        May 19, 2023

**Andrew C. Laufer**
Law Office of Andrew C. Laufer, PLLC
Attorney for Plaintiffs
264 West 40th Street, Suite 604
New York, New York 10018
(212) 422-1020 (Phone)